UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SCOTT GREENBERG, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. G-10-101 |
| § | |
| RICK C. THALER, *et al*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner, Scott Greenberg, has filed a Petition for a Writ of Habeas Corpus (Doc.# 1) under 28 U.S.C. § 2254, challenging the calculation of his sentence. On June 21, 2010, Greenberg was ordered to show cause, if any, why this court should not dismiss his application as time-barred under 28 U.S.C. § 2244(d). Greenberg filed a timely response to the show cause order. After careful review of the petition and Greenberg's response, and for the reasons explained below, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

**I.     Procedural History**

Greenberg was convicted of aggravated robbery on February 12, 1987, in Denton County, Texas, and received an eighteen (18) year sentence. While incarcerated in Brazoria County, Texas, he was convicted of aggravated assault - habitual, on October 15, 1990, and received a six year sentence to be served consecutive to the 18 year sentence. Greenberg was released on parole on August 25, 1995. His parole was revoked on January 9, 2007.

Greenberg contests the calculation of his sentence. He claims that "some time between June 3, 2009 and June 29, 2009, TDCJ changed its policy of how it calculated a relationship series involved mixed 65th and post - 70th legislature sentences. (Exhibit A, pages 11, 13-15)."

He concludes that the TDCJ first changed its method of calculating sentences under the "Single Sentence" rule during petitioner's "writ proceeding" and that the factual predicate "precipitating this claim did not occur until some time between April and June of 2009." Therefore, he posits, the factual predicate of his claim was not known prior to April or June 2009, and his federal writ application is not time-barred.

## II.  One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Because Greenberg's petition was filed well after that date, the one-year limitations period applies to his claims. Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  The court may therefore properly determine at the outset whether Greenberg's petition is timely.  In this case, Greenberg alleges that the TDCJ changed its rules regarding the calculation of sentences on some indeterminate day in June 2009; therefore, the factual predicate of his claim could not have been known prior to June 2009.

Greenberg's parole was revoked on January 9, 2007.  In Exhibit A of his response to the show cause order, (Doc. # 10), Charley Valdez, Program Specialist III of the Classification and Records Division of the TDCJ-CID, states in his affidavit, dated April 23, 2009:

> Pursuant to Tex. Gov't. Code § 501.0081, this office received a time dispute resolution form from offender on **June 4, 2007** and responded to the offender on 2-28-2008.  This office responded to the offender that there was no error in his current time calculations.  The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

Within the same Exhibit A is another affidavit of Charley Valdez, dated June 29, 2009, which responds to another request for sentence calculation from Melinda Hall of the Office of General Counsel, on behalf of Greenberg.  In another affidavit, Valdez repeats Goldberg's sentence calculation and presents the exact same time calculation that he arrived at after the June 4, 2007 request from Goldberg (above).  All of this background information amounts to the fact

that Goldberg questioned his sentence calculation in June 2007, and was given an answer to his question in February 2008. Goldberg's sentence did not suddenly become longer in June 2009 due to a new law or for any other reason. The rules governing the calculation of his sentence have not changed since his parole was revoked. Therefore, Goldberg was well aware of the factual predicate of his claim on or before February 28, 2008, the date he was given the calculation of his sentence by Mr. Valdez' office. 28 U.S.C. § 2244(d)(1)(D). Goldberg did not file a state writ of habeas corpus until April 7, 2009, over one year later. Because his federal writ application was filed after the deadline for filing a state writ expired, the state writ has no tolling effect on his federal application. There is no showing of a newly recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D). Absent equitable tolling, Goldberg's claims are time-barred.

    The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.), *cert. denied* 531 U.S. 1035 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Thus, a "garden variety of excusable neglect" does not support equitable tolling. *Rashidi*, 96 F.3d at 128.

The Supreme Court has recently elaborated that district courts have no authority to create "equitable exceptions" to statutory limitations. *See Bowles v. Russell*, 551 U.S. 205 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327 (2007). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840 (5th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2873 (2008). Goldberg responded to the Court's order to show cause why his petition should not be time-barred, but no viable grounds for tolling were presented, nor does his petition disclose a viable basis to apply equitable tolling.

Goldberg's application does not satisfy any of the exceptions to the AEDPA statute of limitations. There is no evidence that any unconstitutional state action prevented him from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). No "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided have been presented. *Felder*, 204 F.3d at 173.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that Goldberg's petition for writ of habeas corpus (Doc.# 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Goldberg has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 16th day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge